DOYLE WEBB and RONNIE PHILLIPS *v.*
CITY of LITTLE ROCK

5-6061                                      486 S.W. 2d 29

Opinion delivered October 30, 1972

*Gene Worsham,* for appellants.

*Howell, Price, Howell & Barron,* special attorneys for appellee.

CONLEY BYRD, Justice. Appellants Doyle Webb and Ronnie Phillips were relieved as officers of the Little Rock Police Department following the arrest of two burglars at the Steak & Ale restaurant on Cantrell Road for allegedly having used excessive force. The Chief of Police's discharge of the officers was sustained by the Civil Service Commission. The Circuit Court in a trial de novo agreed with both the Chief of Police and the Civil Service Commission. For reversal appellants contend that the judgment of the Circuit Court is not supported by substantial evidence. We raise the point that the record is not sufficiently abstracted.

Our Rule 9(d) requires appellant's abstract or abridgment of the record to consist "of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings...facts, documents, and other matters in the record as are necessary to an understanding of all questions presented... ." In this case there were a number of exhibits such as photographs, reports of officers, etc. that were not abstracted. Typical of the abstracting by appellants is that having to do with the testimony given by Sgt. E.O. Evans. Appellants abstract of Sgt. Evans' direct examination is as follows:

> "I recognize the signature at the bottom of the 'Officers Report' as belonging to Ronnie Phillips. (Exhibit No. 10) The document is in reference to the burglary at the Steak and Ale. This is Officer Phillips' further written report concerning the incident."

Exhibit No. 10 (not abstracted by appellants) was officer Phillips' report of his activities made on "8-8-71" which provides:

"On 8-8-71, at approximately 3:10 A.M. a call was dispatched over the scrambler to a burglary at the Steak & Ale. Officer Dunnington & myself were assigned to the Oakwood Apt. to check on a car left there on the parking lot by the burglars. We pulled a 1962 white Buick which belonged to James Sipes, who was caught inside the Steak & Ale. License number on the Buick was BLW 641."

Exhibit No. 11 (not abstracted by appellants) is a report made by Officer Phillips on "8-9-71" after the Chief of Police had started his investigation. It provides:

"From Ronnie Phillips

On 8-8-71 I answered a call to the Steak & Ale, a burglary in progress. Before we arrived at the Steak and Ale the Radio dispatcher assigned us to the Oakwood Apts. to look for a 1962 White Buick, that the burglar supposedly left parked there. We found the car and waited on a wrecker to pull the car. We then, after the car was pulled went to the Steak & Ale and pulled up in front of the building and talked to Lt. Laird, who was standing in front of a police car with one prisoner in the back seat. Lt. Laird advised us at this time to go to Sambos and check on a third burglar who had got away. We did this and returned to the Steak and Ale and then went back to the Oakwood Apts. and looked down the hill in back of the Steak & Ale. We then went back to the Steak & Ale and I advised Lt. Laird that I had hurt my foot while at the Oakwood Apts. and he sent me to the Baptist Hospital. I did not transport any prisoners to jail or follow any one to jail nor at any time did I strike or see anyone else strike a prisoner. Signed Ronnie Phillips."

At the trial in Circuit Court, Officer Phillips testified that he did not go to jail but that he did go to headquarters to turn in the storage report on a '62 Buick. As he turned into the alley he saw two officers scuffling

with one of the prisoners. In answer to a question as to what then happened he stated:

"A. They were scuffling, each one was on each side, they had both arms of the subject and he was kicking, cursing, just generally like a sulking cow, when you try to pull him in, he just pulls back and kicks. I went up behind the subject and I got kicked twice on the shins and I put my knee in his back and my hands on his shoulders and give him a shove and he fell through the door. I never went inside the jail. I went on to...

Q. Did you kick the prisoner in the face?

A. No, sir, I've never kicked anybody in the face.

Q. Did you hit him with a slapper?

A. No, sir, all I had in my hand was the storage report.

Q. Did you hit him with your fist?

A. I didn't hit him with my fist.

Q. Mr. Price is going to ask you about other witnesses. They brought some old drunk in there that had been in jail fifteen times and said he saw someone hit someone with a slapper, but he couldn't identify who it was. I'm asking you if that person was you?

A. No, sir, it wasn't because...

Q. If he saw him get hit by an officer with a slapper, you weren't the one?

A. No, sir.

Q. Do you state under oath that you did not kick either of the suspects in the face or strike them with your fist or slapper?

A. That's correct."

Another officer testified that Phillips at the jail kicked the prisoner in the upper part of the body. After the kicking, Officer Phillips asked the same officer if he knew what a "broke or sprained foot looked like."

The testimony with reference to Officer Webb concerned the treatment given the other handcuffed prisoner when he was removed from the roof of the Steak & Ale. The testimony there when viewed in the light most favorable to the trial court's finding would indicate that when the prisoner was removed from the top of the five foot fence to the ground he was first hit in the head by a shotgun barrel by another officer and then hit by a slapper wielded by appellant Webb.

Concededly the physical condition of the prisoners was such as to require hospitalization when they were placed in custody of the city jailer.

The record contains in excess of twenty exhibits including officers reports and photographs about which the officers testified none of which appellants have abstracted. Of particular importance is joint exhibit No. 2 showing the exit from the roof of the Steak & Ale restaurant. Consequently we affirm this appeal because of appellant's failure to comply with Rule 9(d).

Even if the Rule 9(d) violation should be disregarded, a majority of the court would affirm on the basis that there is substantial evidence to support the judgment of the trial court.

Affirmed.