Dave UMHOLTZ v. Imogene ALLEN, Executrix
of the Estate of Addie M. UMHOLTZ, Deceased

73-32                                495 S.W. 2d 874

Opinion delivered June 25, 1973

*Yates & Turner,* for appellant.

No brief for appellee.

John A. Fogleman, Justice. Appellant seeks reversal of a judgment denying his claim against the estate of his wife, stating that the only issue on appeal is the question of ownership of certain cattle, a one-half interest in which was claimed as an asset of his wife's estate, and his right to remain on land on which he had been living for some 30 years. We find it necessary to affirm this case under Rule 9 of the rules of this court. We have always taken action such as this with extreme reluctance and only recently amended this rule in an effort to alleviate the harshness of the rule as it theretofore existed. We amended Rule 9(e), effective January 1, 1973, to provide, among other things, the following:

(2) Whether or not the appellee has called attention to deficiencies in the appellant's abstract, the court

may treat the question when the case is submitted on its merits. If the court finds the abstract to be flagrantly deficient, or to involve an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. If the court considers that action to be unduly harsh, the appellant's attorney may be allowed time to reprint his brief, at his own expense, to conform to Rule 9(d). Mere modifications of the original brief, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted abstract and brief by the appellant, the appellee will be afforded an opportunity to revise or supplement his brief, at the expense of the appellant or his counsel, as the court may direct.

Appellee, in compliance with Rule 10, advised that she would not file a brief, but pointed out that appellant's brief was not in compliance with Rule 9. Appellee elected not to supplement the abstract for economic reasons. We find the deficiencies in this case to be of the type described in Rule 9(e)(2), recited above.

Material portions of the record were not abstracted. The five-line abstract of the two-page will does not mention a bequest to appellant. Appellant's claim, upon which he seems to rely as a basis for the litigation, is abstracted only by stating that appellant claimed $3,499.73 expended for care of deceased during her last illness. This claim consists of 11 items, none of which is shown in the abstract, but the cattle are not mentioned in the claim. Appellee's two-page "Objection to Claim and Petition for Discovery of Assets" is treated by the statement that the personal representative denies appellant's claim. Appellee's four-page separate "Petition for Discovery of Assets and for Orders Concerning Payment of Claims and for other Matters in Controversy," though pertinent, is not even mentioned, although appellant does state in his abstract that he denied the matter set out in that petition and submitted that his claim should be granted under the circumstances surrounding his marriage and living with appellee's decedent. The six-page opinion of the probate judge containing comprehensive findings of fact and conclusions of law pertinent to this appeal and reciting that several hearings had been had

pertaining to the issues is treated by the simple statement that the court denied appellant's claim for moneys expended and for the cattle which were on the farm at the time of the death of the decedent. We cannot tell, from the abstract, how the ownership of the cattle became an issue. Nowhere is it disclosed that appellant's one-half interest in the cattle was acknowledged.

None of the exhibits such as tax receipts, assessments, checks and other matters relevant on the issue of ownership of cattle is abstracted. Testimony of both appellant and a son of appellee's decedent relating to a separation of the parties and their division of cattle at that time is totally omitted.

The burden was on the appellant to demonstrate error in the probate judge's findings and judgment. *City of Little Rock* v. *Sunray DX Oil Company,* 244 Ark. 528, 425 S.W. 2d 722; *Poindexter* v. *Cole,* 239 Ark. 471, 389 S.W. 2d 869. On the basis of the portions of the record abstracted, appellant has failed to carry his burden, and we would affirm on that basis, even if we disregarded the obvious failure to comply with Rule 9.