## Jacob VAN MARION et ux *v.*
## L. A. MOSELEY et ux

75-294                                    536 S.W. 2d 697

### Petition for Rehearing
### denied May 10, 1976

## PER CURIAM

Following our affirmance of the chancery court's decree pursuant to Rule 9 (e) (2), appellants moved for permission for their attorney to reprint a substituted brief, at their attorney's expense, to now conform to Rule 9 (d) by including in the abstract photographic copies of all exhibits introduced in evidence, pointing out that appellees did not contend that the abstract was deficient.

At the outset, we point out that motions by an appellee to dismiss for insufficiency of appellant's abstract are no longer recognized. Under Rule 9 (e) (2), this court determines, on its own motion, when the case is submitted on its

merits and not thereafter, whether the judgment or decree should be affirmed for non-compliance with the rule or whether appellant's attorney may be allowed time to reprint his brief. That decision was made in this case and our per curiam order affirming the decree pointed out, in considerable detail, the reasons why many of the omissions were critical. Therefore, we determined that an affirmance rather than a reprinting of the brief was appropriate. We pointed out that appellants had not moved for a waiver of the requirement that maps, plats, and photographs be reproduced as a part of their abstract.

As appellees point out in response to appellants' motion, appellants moved for an extension of time for filing their brief. The basis of that motion was their attorney's inability to get the manuscripts to the printer within the time allotted. Extensions totalling 22 days were granted. In spite of the difficulty in preparing the manuscript containing the abstract of the voluminous record, appellants at no time intimated that any impracticability of reproduction or abstracting of exhibits was involved.

We took pains a little more than six years ago to emphasize the importance of that part of Rule 9 (d) relating to the reproduction of exhibits which must be examined for a clear understanding of the testimony and the risk involved when there is a possibility that we may find compliance to have been mandatory. See *Williams* v. *Owen,* 247 Ark. 42, 444 S.W. 2d 237.

We had considered appellants' motion as a petition for rehearing and were prepared to deny it, as such, when appellants filed a petition for rehearing, asserting that they had actually complied with Rule 9 by abstracting only such material parts of the pleadings and exhibits as were necessary for clear understanding of the questions presented for decision, saying that the only plat material to the issues had been photostatted, indexed and inserted in their brief, and that the descriptions contained in the various conveyances exhibited had been superimposed on this reproduction of the plat.

This did not seem adequate to appellants when they

briefed this case. We were referred in the brief to exhibits which were not reproduced or abstracted in the following instances:

| Brief Page | Exhibit | Transcript Reference |
|---|---|---|
| 121 | - See Defendant's Exhibit 4 | Tr. 366 |
|  | - Also Orton & Wingo surveys | Tr. 369 |
| 122 | - Defendant's Exhibit 4 | Tr. 367 |
|  | - See Defendant's Exhibit 11 | Tr. 374 |
|  | - Defendant's Exhibit 2 | Tr. 365 |
| 123 | - Defendant's Exhibit 14 | Tr. 375 |
| 128 | - See Orton-Bourland plat | Tr. 369 & 384 |
| 131 | - See official plats | Tr. 367 |
| 136 | - "as shown on Orton-Bourland plat" | Tr. 369 |

These references made for the purpose of enabling us to understand the arguments being made do not include many references to aerial photographs, which may have been difficult to reproduce. If these exhibits were not necessary for this court's clear understanding of the issues, why were these references made in the brief?

In our Per Curiam opinion affirming the decree, there was not any suggestion that any unnecessary parts of exhibits be reproduced or abstracted. We do not make such a suggestion now. We find no basis for granting a rehearing in this case, so it is denied.

HARRIS, C.J., concurs in the result because he adheres to the position he took when the original per curiam order was issued. He would affirm the decree on the merits.