DYKE INDUSTRIES, INC. *v.* E. W.
JOHNSON CONSTRUCTION CO, INC.,
HIGHLANDS INSURANCE CO., and
INSURANCE CO. OF NORTH
AMERICA

76-311                                        551 S.W. 2d 217

June 6, 1977
(Division I)

*Hubbard, Patton, Peek, Haltom & Roberts,* by: *William L. Peek Jr.,* for appellant.

*Potter & Potter,* by: *David J. Potter,* for appellees.

## PER CURIAM

Appellant brought this action to recover an alleged balance due from appellee construction company (appellee insurance companies are sureties) based on a contract to furnish mill work on a construction project. A jury awarded appellant most of the asserted balance, denied the appellee construction company's counterclaim and its demand for punitive damages. Thereupon, appellees filed a motion for dismissal of appellant's action, a sanction provided by Ark. Stat. Ann. § 28-359 (b) (2) (Repl. 1962). Appellees also filed a separate motion asking for a new trial pursuant to Ark. Stat. Ann. § 27-1901 (Repl. 1962). The court rendered an order finding, *inter alia,* that appellant's answers to the interrogatories were incorrect and prejudicial to the appellees; the uncontroverted evidence at trial proved the documents, supplied by the appellant in response to appellees' motion and the court's order to produce the original documents, were not authentic; and the appellant had failed and refused to obey the court's pretrial order with respect to the production of the original price bulletin documents and price ceiling information in effect at the inception of the contract. The court set the jury verdict aside, ordered a new trial and, also, the production of the original documents, which the court had previously ordered produced, within 20 days. When the appellant did not produce the documents, insisting it was unable to do so, the court dismissed its action.

We must affirm the trial court, as urged by the appellees, because appellant's abstract of the record is in noncompliance with Supreme Court Rule 9 (d), Ark. Stat. Ann. Vol. 3A (Supp. 1975), and, as amended, *Hirrill* v. *L. R. Civil Service Comm'n,* 259 Ark. 226 (1976). The rule requires the abstract of the record to be a condensation of the pleadings, proceedings, facts and documents in the record "as [is] necessary to an understanding of all questions" presented on appeal. In numerous cases we have found it necessary to af-

firm for noncompliance with Rule 9 (d). For example, the failure to abstract the pleadings and exhibits, *Financial Security Life Insurance Co.* v. *Powell,* 247 Ark. 609, 447 S.W. 2d 64 (1969); *Tucker* v. *Haskins,* 243 Ark. 826, 422 S.W. 2d 696 (1968); exhibits — *Umholtz* v. *Allen, Ex'x,* 254 Ark. 722, 495 S.W. 2d 874 (1973); *Webb* v. *City of Little Rock,* 253 Ark. 385, 486 S.W. 2d 29 (1972); *Baker* v. *Trotter,* 253 Ark. 247, 486 S.W. 2d 7 (1972); documentary evidence — *Wells* v. *Paragon Printing Co.,* 249 Ark.950, 462 S.W. 2d 471 (1971); affidavits and contravening affidavits — *Rowe* v. *Druyvesteyn Const. Co.,* 253 Ark. 67, 484 S.W. 2d 512 (1972).

Here the transcript and record consists of 877 pages and numerous exhibits. It is true that the appellees supplied certain deficiencies in appellant's abstract with reference to the testimony. However, we do not have the benefit of an abstract of the complaint, the answer, and the counterclaim (pleadings totaling 24 pages) which would enable us to determine exactly what issues were joined. Also unabstracted are certain documents relating to the inception of the contract, the appellees' motion and the court's order granting their motion to compel answers to interrogatories, the court's letter urging the appellant to comply with its orders, the answers to appellees' interrogatories, which were supplied in a summary form, representing the answers as being true and correct. None of the numerous exhibits are abstracted, as required by Rule 9 (d), as amended. The appellees contend they are not the originals and questioned them as being fraudulent and, at least, inaccurate. These exhibits appear to be the crux of the controversy between the parties.

Of course, the burden was on appellant to demonstrate error by the court and, as abstracted, we would also affirm for failure to meet that burden had we reached the merits of the case.

Affirmed.

HARRIS, C.J., not participating.