## BANK OF OZARK *v.* Georgia Lavada ISAACS et al

77-334                                    563 S.W. 2d 707

Opinion delivered March 20, 1978
(Division II)
[Rehearing denied May 1, 1978.]

*A. Jack King* and *Neva Belcher King,* for appellant.

*Douglas W. Parker,* for appellees.

CONLEY BYRD, Justice. Unfortunately, we must dismiss this appeal because of the appellant's failure to comply with Rule 9(d). The abstract as presented to this court contains neither the pleadings nor the decree of the trial court. The abstract contains a total of five pages of the testimony presented and four of those pages are excerpts from the record. In addition, the appellant instead of abstracting the exhibits, has photographed some mortgages, a credit life insurance policy, a note and some ledgers showing loans and possibly some payments.

Rules 7, 8 and 9 of the Supreme Court Rules, found in the pocket part of Volume 3A of Ark. Stat. Ann. (Repl. 1962), cover the duties of the filing of Abstracts and Briefs.

Rule 8 requires the briefs to be printed on nonglazed paper on pages 6 3/4 by 10 inches. It also requires Clear

Roman type using 12 point type expanded on a 16 point slug. The uniformity of the page size makes it possible for the clerk's office to maintain a uniform filing system for the briefs. It also makes it easier for Justices of this Court to transport the briefs (most of the Justices do a considerable portion of their brief reading at home on nights and weekends). The size of type required is for the purpose of enabling the Justices to more easily read the information set forth therein. Since the individual Justices are often required to read from six to ten hours at a time (sometimes all night) one can readily understand that the size of the print affects the readability of the briefs — for example the abstracts and briefs for the weekly conference on March 13, comprise 1697 pages.

Rule 9(a) leaves indexing optional with the lawyer preparing the abstract and brief. However, as many lawyers have discovered during oral argument, an index in an abstract covering more than 40 pages in the brief is most helpful.

Rule 9(b) covers the Statement of the Case. This rule suggests that the Statement not exceed two pages in length. The purpose of the Statement of the Case is to introduce the parties to the Court and to tell the Court enough about the litigation and the action taken by the trial court for the individual Justices to have some comprehension of the points relied upon for reversal.

Rule 9(c) covers the designation of the points relied upon for reversal.

Rule 9(d) takes up the matter of abstracting. If the lawyer in preparing the abstract will remember that the Supreme Court Justices have never heard of his case until they pick up the brief to read it, the lawyer will have a better comprehension of what is required in abstracting. Furthermore, since the purpose of an appeal is to determine whether the trial court has committed error, it follows that it is going to be necessary for the individual Supreme Court Justice to start down the same path that the trial court took in determining the issues about which the appellant complains. A lawsuit is started by the filing of a complaint and the issuance

of a summons. The civil code then gives the defendant twenty days to answer. Furthermore, every lawsuit is concluded by some sort of judgment or decree. Therefore, since the trial court had to wade through the complaint and answer before entering an order, it is almost axiomatic that the Supreme Court Justices must wade through the same pleadings and the decree entered before they will be in a position to understand what the trial court was ruling on. Where evidence is presented and appellant contends that the trial court misapplied the law to the facts, it is also necessary to abstract the pleadings, the evidence and any of the exhibits upon which the appellant relies to demonstrate error. Evidence in a vacuum — *i.e.* without knowing the respective contentions of the parties before the trial court — is ordinarily insufficient to require a reversal of a judgment or ruling of the trial court.

It is a rare occasion when the photostating of a written instrument complies with the abstracting requirements of Rule 9(d). It is only permissible when the overall view of the written instrument affects its credibility and even then the lawyer should abstract the exhibit and in addition point out that a photostatic copy is enclosed in the pocket part of the brief. (Many photostats enclosed in the brief before this Court are of such poor quality that the individual Justices find difficulty in reading them).

Since the abstract here fails to contain the pleadings or the decree of the trial court, it is impossible for us to read the five abstracted pages of the testimony with any comprehension of the issues that were before the trial court or how the trial court ruled with respect thereto. It necessarily follows that the abstract does not comply with Rule 9(d). *Dairyland Insurance Company v. Carter,* 261 Ark. 795, 551 S.W. 2d 211 (1977). See also, G.R. Smith, Arkansas Appellate Practice: Abstracting the Record, 31 Ark. L. Rev. 359.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.