In The Matter of The Adoption of
Charles Rene PERRY, Renee June PERRY and
Wayne PERRY *v.* Edward Leroy COX

78-337                                      585 S.W. 2d 33

Opinion delivered July 9, 1979
(In Banc)
[Rehearing denied September 4, 1979.]

*John M. Belew,* of *Harkey, Walmsley & Bellew* and *A. F.*

*"Tom" Thompson,* of *Thompson & Arnold,* for appellants.

*No brief* for appellee.

JOHN I. PURTLE, Justice. Appellant, Renee June Perry and appellee, Edward Leroy Cox, are the natural parents of Charles Rene Perry, who was 13 at the time of the hearing below. Appellant Renee Perry had been granted custody of Charles in a California divorce decree entered in 1968. Appellee was ordered to pay child support in 1970 and has been under court order to do so from that time. On February 2, 1978, appellants (as husband and wife) filed in the local probate court a petition for the adoption of Charles. Appellee responded by seeking a change of custody and, also filed a petition for a writ of habeas corpus. That petition was based upon an earlier California decree which had ordered that Charles be delivered to appellee within one week of the termination of the spring school semester of 1978. Appellants counterclaimed for alleged child support arrearages. After a combined hearing on the cases, the chancellor made an oral finding that the California decree, providing for delivery at the end of the school term, had been extorted and denied the writ of habeas corups; that appellee had justifiable cause for not supporting and sufficiently communicating with his son, Charles, from 1972 to 1978, denied appellants' petition for adoption, refused to grant judgment for accrued support payments, ordered $1,100 allegedly saved by appellee as support money be placed into a trust bank account until Charles reaches the age of 18 or until further order of the court, and there would be no further obligation of support payments on appellee's part. Appellants assert that the court's finding that appellee had a justifiable reason for not supporting Charles from 1972 to 1978 is against the preponderance of the evidence; the court erred in refusing to award child support arrearages and requiring the $1,100 in the registry of the court be paid into a trust account for Charles' benefit; and, further, the court erred in suspending all future child support.

We are unable to consider this appeal on its merits for the reason that Rule 9 (d) has not been sufficiently complied with. Ark. Stat. Ann. Vol. 3A, Supreme Court Rules (Supp. 1977). We have indicated numerous times that it is the duty

of the appellant to furnish us with an abridgment of the record sufficient to enable us to understand the matters presented. *Collins* v. *Duncan,* 257 Ark. 722, 520 S.W. 2d 192 (1975); and *Dyke Industries, Inc.* v. *Johnson Construction Co.,* 261 Ark. 790, 551 S.W. 2d 217 (1977). Here the various pleadings, the California decrees and orders, and the decree of the chancellor are not abstracted. Appellants have included only a statement of the case, the testimony of the witnesses, discussions of the court and argument in their abstract.

Affirmed.

GEORGE ROSE SMITH, J., concurs in result but finds no violation of Rule 9 (d).

HOLT, J., concurs in result but would affirm if considered on merits.

HARRIS, C.J., dissents.