Venell SMITH, et al *v.* E. E. BULLARD, et al

79-317                                              610 S.W. 2d 888

Supreme Court of Arkansas
Opinion delivered February 2, 1981

*East Arkansas Legal Services*, by: *Christopher William Venters*, for appellants.

*Richard L. Proctor*, for appellees.

RICHARD B. ADKISSON, Chief Justice. This is apparently an appeal from a Cross County Chancery Court order dated July 11, 1979, denying appellant's petition to proceed *in forma pauperis*.

The questions argued on appeal concern the chancellor's ruling of July 5, 1979, holding that appellant could not proceed as an indigent pursuant to Rule 18 of the Uniform Rules for Circuit and Chancery Courts (Ark. Stat. Ann., Vol. 3A, Repl. 1979, p. 519) without first meeting the requirements of Ark. Stat. Ann. § 27-402 (Repl. 1979).

Since appellant's abstract and briefs are not in compliance with Rule 9(b), (c), or (d), we must affirm the trial court under Rule 9(e)(2) of the Rules of the Supreme Court of Arkansas (Ark. Stat. Ann., Vol. 3A, Repl. 1979, p. 485). *Bank of Ozark* v. *Isaacs*, 263 Ark. 113, 563 S.W. 2d 707 (1978).

Appellant's abstract did not contain a concise statement of the case without argument as required by Rule 9(b).

Rule 9(c) provides, in part: "Following his statement of the case the appellant shall list and separately number, concisely and without argument, the points relied upon for a reversal of the judgment or decree." Generally, a point for reversal should be limited to a one-sentence statement of the error committed by the trial court. Appellant's "Points and Authorities" covers one full page without setting forth what the trial court did wrong.

Also, Rule 9(c) provides: "Either party may insert under any point not more than two citations which he considers to be his principal authorities on that point." However, appellant's "Points and Authorities," which he divides into three sections, contains a total of at least 17 citations of authority.

Rule 9(d) requires:

The appellant's abstract or abridgement of record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision. ... Not more than two pages of the record shall in any instance be abstracted without a page reference to the record.

Appellant's abstract is not in compliance with the above provisions of Rule 9(d) in the following particulars:

First, appellant's abstract begins with a narrative explanation, unsubstantiated by the record, of the events leading up to the chancellor's letter of June 26, 1979, ordering the chancery clerk to assign a number to the appellant's complaint.

Second, appellant has not abstracted the affidavit of indigency relied upon in the trial court to support his *in forma pauperis* petition. The affidavit supporting his assertion of indigency is required to be filed by Rule 18 of the Uniform Rules of Circuit and Chancery Courts. Ark. Stat. Ann., Vol. 3A, (Repl. 1979).

Third, appellant has failed to abstract the order of July 11, 1979, from which he has appealed.

Fourth, appellant's four-page abstract makes no page reference to the record.

In numerous cases this court found it necessary to affirm for noncompliance with Rule 9. *Dyke Industries, Inc.* v. *Johnson Construction Co.*, 261 Ark. 790, 551 S.W. 2d 217 (1977); *Smith* v. *Smith*, 263 Ark. 578, 567 S.W. 2d 88 (1978); *Wade* v. *Franklin-Stricklin Land Surveyors, Inc.*, 264 Ark. 841, 575 S.W. 2d 672 (1979); *Perry* v. *Cox*, 266 Ark. 402, 585 S.W. 2d 33 (1979).

Affirmed.

PURTLE and HAYS, JJ., dissent.

STEELE HAYS, Justice, dissenting. I would relax Rule 9 in this instance: this is an indigent; this court has few opportunities to express policy under Rule 18 of the Uniform Rules for Circuit and Chancery Courts[1]; and the rule needs clarification.

Appellant's affidavit of indigency stated she was unemployed, widowed and the head of a household consisting of nine children and three grandchildren. She can neither read nor write and this affects more than literacy alone. In the hearing she was unable to give the ages of her children. Her knowledge of her income was confused. She receives $296 per month from Social Security, $110 per month as Aid For Dependent Children and food stamps of $290 per month. One child has summer work; two others have only sporadic employment.

Appellant asks to be relieved of $23.50 to the clerk and $10 to the sheriff, the costs of filing suit to protect an interest claimed on behalf of herself and children to a dwelling purchased by her late husband from which she alleges the family was wrongfully dispossessed.

The Chancellor required that notice be given to the attorney for the respondents, who stoutly resisted indigency, both here and below. The court held that Rule 18 does not

---

[1] The most recent decision cited by either side being *Daniel* v. *Guy*, 19 Ark. 121 (1857).

supersede § 26-401 et seq., that they are to be read in conjunction with each other, and that appellant failed to prove that she was worth less than $10, as provided in § 27-402. Hence, this appeal.

Rule 18 is framed in broad terms and although it does not purport to repeal § 27-401 et seq., the only permissible inference is that it does. It has, I believe, been so interpreted in practice. These statutes date from 1838 and make two requirements: that the indigent give an affidavit that he is not worth $10 (excluding wearing apparel and the value of the cause of action) and that an attorney certify that the cause of action is good. The latter requirement is no longer observed and the $10 requirement, based on the economics of 1838 is so irrelevant to the present that any effort to adhere to § 27-402, as was done, is a clear denial of the right to proceed as an indigent.

Rule 18 provides no standard, but that may be intentional, to give the trial court latitude in determining indigency. But if the standards of 150 years ago are to be literally applied, then petitions *in forma pauperis* need not be filed.

When the finances of this family are examined, extreme poverty is evident: there is no automobile; rent is $40 per month for housing for 13 people; assuming the stamps provide all the food consumed by the family, a very doubtful assumption, the remaining income to be allocated to housing, heating, clothing, gas, electricity, water and medical care, all basic necessities, amounts to approximately $1 per day per person. This subsistence is far below any conceivable poverty level.

The law does not require abject destitution as a qualification for indigency. *Adkins* v. *E. I. DuPont De Nemours & Company*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948):

We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute . . . To say that no persons are entitled to the statute's

benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution.

Appellant has cited similar holdings from other jurisdictions. *Ferguson* v. *Keys*, 4 Cal. 3d 649, 94 Cal. Rptr. 398, 484 P. 2d 70 (1971); *Earls* v. *Superior Court*, 6 Cal. 3d 109, 98 Cal. Rptr. 302, 490 P. 2d 814 (1971); *O'Connor* v. *Matzdorff*, 76 Wash. 2d 589, 458 P. 2d 154 (1969); *Carter* v. *University of Washington*, 85 Wash. 2d 391, 536 P. 2d 618 (1975).

Indigency should rest within the sound discretion of the trial bench, with a benevolent view to achieve a fair and just result. To insure that, the proceeding should be confined to an *ex parte* hearing between the court and the purported indigent so that only the conscience versus the indulgence of the court become the criteria for judging indigency. There is no justification for indigency being treated as an adversary issue between the purported indigent and the prospective defendant, as was done here. This had traditionally been *ex parte* in nature and nothing in Rule 18 suggests otherwise. The defendant has no legitimate interest in this phase of the proceeding, as it affects him not at all. By participating, the defendant simply makes this proceeding his first line of defense to the litigation itself.

I believe the fact that this appeal is by an indigent, coupled with the issues presented, justify a relaxation of Rule 9 so that the special merit of this appeal might be considered. On that basis, it should be reversed with directions to the Chancellor to disregard Ark. Stat. Ann. § 27-401 et seq. and to permit appellant to proceed under Rule 18.

Justice Purtle joins in this dissent.