Carol TOWNSEND and Kenneth BROWN *v.*
Alex NESTERENKO, Barry McGRAW, Ethel J.
FAUGHT and Evelyn BRINK

81-116                                   619 S.W. 2d 673

Supreme Court of Arkansas
Opinion delivered July 20, 1981

*Mays, Crutcher & Brown, P.A.*, by: *Darrell F. Brown*, for appellants.

*Boswell & Smith, P.A.*, by: *Ted Boswell*, for appellee McGraw.

*Matthews & Sanders*, by: *Gail O. Matthews, P.A.*, for appellee Faught.

PER CURIAM. This case arose out of a four-car collision in which a car occupied by appellants first side-swiped appellee McGraw's parked car and, then, was immediately struck in the rear by the car driven by appellee Faught; after all of the occupants were out of their cars, a fourth car driven by Evelyn Brink struck the rear of the one driven by Faught. Evelyn Brink and Alex Nesterenko are not properly named as appellees since appellants' complaint against them was dismissed prior to submission of the case to the jury. This is an appeal from a judgment entered on a jury verdict for the defendants-appellees.

For reversal appellants first argue that the trial court erred in denying their motion in limine to prohibit references by the appellees to appellant Townsend's conviction for prostitution and appellant Brown's involvement in

gambling. Appellants next argue that the trial court erred in its failure to grant a motion for a new trial since the verdict was contrary to the clear preponderance of the evidence. We do not reach the merits of either point since appellant has failed to properly abstract the following parts of the record as required by Rule 9(d), Rules of the Supreme Court, Ark. Stat. Ann., Vol. 3A (Repl. 1979):

> 1. The complaint stating what damages were sought by the appellants.

> 2. The court order or ruling denying appellants' motion in limine.

> 3. The judgment and other parts of the record necessary to consider the motion for new trial.

> 4. Appellants' motion for a new trial stating the grounds therefor.

> 5. A court order or ruling denying appellants' motion for a new trial.

Therefore, we must affirm the trial court under Rule 9 (e) (2) as we have done in numerous cases. *Bank of Ozark* v. *Isaacs*, 263 Ark. 113, 563 S.W. 2d 707 (1978), *Smith* v. *Bullard*, 271 Ark. 794 (1981).

> Affirmed.