TRI-B ADVERTISING CO. *v.* Jim THOMAS, d/b/a MID-AMERICA AUTO SALES, INC.

82-166                                    643 S.W.2d 547

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Saxton & Ayres,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Tri-B Advertising Company, constructed a billboard sign on property which was adjacent to a used car lot owned by appellee, Jim Thomas. During a storm the billboard was blown over, landing on top of seven of appellee's vehicles. Appellee filed suit alleging negligence and that the construction and maintenance of the billboard was an ultrahazardous activity, thereby making appellant strictly liable for damages. A jury returned a verdict for appellee in the amount of $5,156.35 for damages to the vehicles. On appeal, we reverse and remand.

Appellant argues, and we agree, that it was error for the trial court to instruct the jury as to ultrahazardous activities. AMI 1107 states:

. . . .

An activity is ultra-hazardous if it necessarily involves risk of serious harm to persons or property of others which cannot be eliminated by exercise of utmost care and is not a matter of common usage.

Common usage is defined as an activity customarily carried on by the great mass of mankind or by many people in the community.

If you find that the above stated three elements existed, you must find against the defendant Tri-B on the issue of liability.

This instruction is inapplicable to this case as a matter of law. The construction and maintenance of a billboard sign is not an ultrahazardous activity as contemplated by this instruction. Any risk of serious harm could be eliminated by the exercise of utmost care. *See Dye* v. *Burdick,* 262 Ark. 124, 553 S.W.2d 833 (1977).

Some of the activities which we have previously upheld as being subject to a jury finding of ultrahazardous are the delivery of propane gas to a storage yard, *Zero Whsle. Gas Co., Inc.* v. *Stroud,* 264 Ark. 27, 571 S.W.2d 74 (1978); and the spraying of chemicals on crops, *Chapman Chem. Co.* v. *Taylor,* 215 Ark. 630, 222 S.W.2d 820 (1949). In both of these cases the liability imposed arose out of the abnormal danger of the activity itself. Here, although perhaps the construction and maintenance of a billboard sign involved some danger, it did not involve *abnormal* danger and, therefore, the instruction should not have been given. *See also NLR Transp. Co.* v. *Finkbeiner,* 243 Ark. 596, 420 S.W.2d 874 (1967).

Appellant also argues that the sign in question did not create an "unreasonable danger" as a matter of law and, therefore, the trial court erred in giving AMI 1109. This instruction provides:

It is the duty of an owner or occupier of land to protect property from damages resulting from a structure upon his land if he knows or should know of an unreasonable danger created by that structure, and he fails after having a reasonable opportunity to eliminate the danger or otherwise protect such property against it. A violation of this duty is negligence.  . . .

Under certain circumstances perhaps a sign could be unreasonably dangerous, and it was for the jury to decide if such was the case here. Therefore, we refuse to hold that, as a matter of law, the sign was not unreasonably dangerous.

Lastly, appellant argues that the trial court abused its discretion in excluding photographs of the local storm damage and the testimony of a newspaper reporter who took them. The photographs were excluded on the grounds that the areas depicted were too remote from the location of the used car lot. However, before an adverse ruling as to the admissibility of evidence is reviewable on appeal, the objecting party must make a sufficient record to enable this court to rule on the issues presented. *See Bank of Ozark* v. *Isaacs,* 263 Ark. 113, 563 S.W.2d 707 (1978). Here, the proffered testimony is too sketchy for this court to determine whether or not the trial court abused its discretion. The record reflects only that the witness would have testified that he "investigated storm damage." Since there was no testimony regarding the storm damage and the photographs were not made a part of the record, we are unable to rule on the alleged error.

Reversed and remanded.