HERITAGE INSURANCE COMPANY of Lincolnwood, Illinois *v.* WHITE COUNTY, Arkansas

83-26                                        649 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered April 18, 1983
[Rehearing denied May 16, 1983.]

*Ronald J. Bruno & Associates,* for appellant.

*Robert Edwards,* Pros. Atty., 17th Judicial District, for appellee.

FRANK HOLT, Justice. On September 29, 1980 Bobby Wayne Glover, representing himself as a limited surety agent for the appellant, executed a $10,000 bail bond on behalf of Charles Burgess. Burgess failed to appear for trial on December 16, 1980, and the bond was then forfeited by a docket entry. The appellee, in a non-jury trial, was awarded a judgment on the bond on March 30, 1982 against Glover and the appellant, jointly and severally. Hence, this appeal.

The appellant first argues the trial court erred in holding that notice to the appellant was not required before forfeiture of the bond. Ark. Stat. Ann. § 43-723 (Repl. 1977) provides:

> If the defendant [fails] to appear for trial or judgment, or at any other time when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court may direct the fact to be entered on the minutes, *and thereupon* the bail-bond, or the money deposited in lieu of bail, is forfeited. (Italics supplied)

As we said in *Craig & Schaaf* v. *State*, 257 Ark. 112, 514 S.W.2d 383 (1974), "Under section 43-723, when [the defendant] failed to appear on October 8 and the court entered that fact upon its record, the bond was, in the language of the statute, thereupon forfeited." Likewise, in *Tri-State Bonding Co.* v. *State*, 263 Ark. 620, 567 S.W.2d 937 (1978) we said, "The failure of each of the defendants to appear at the time fixed was sufficient basis for forfeiture of the bond, when noted on the record." Plainly, the statute and our cases permit forfeiture merely upon failure of the defendant to appear and the entry of that fact on the record. Notice before forfeiture is not required. Here, the judgment results from a civil action instituted by the appellee to collect on the forfeited bond. The appellant had ample notice and opportunity to defend in this action, which it did.

Neither can we agree with the appellant's argument that the trial court erred in finding that Glover was a limited surety agent for the appellant on September 29, 1980. Suffice it to say the requests for admission and answers thereto by the appellant, which were abstracted by the appellee, clearly indicate the appellant admitted that Glover was its limited surety agent on that date. ARCP Rule 36 (b).

Finally, the appellant argues the trial court erred in finding the bail-bond in question was properly executed and authorized by the appellant's general power of attorney, which was on file at the Arkansas Insurance Department. The argument is that under the general power of attorney filed with the commissioner, Glover only had authority to execute bonds when accompanied by an individual, numbered power of attorney, which was not done here. None of the exhibits presented to the trial court have been abstracted. The exhibits relevant to this point are critical to an understanding of the question presented to us. Therefore, we affirm the trial court on this point pursuant to Rules of the Supreme Court and Court of Appeals, Rule 9 (d) and (e). *Van Marion* v. *Moseley*, 259 Ark. 740, 536 S.W.2d 697 (1976). Also see *Dyke Industries* v. *Johnson Const Co.*, 261 Ark. 790, 551 S.W.2d 217 (1977); *Collier* v. *Hot Springs Savings & Loan Association*, 272 Ark. 162, 612 S.W.2d 730 (1981); and *Bank of Ozark* v. *Issacs*, 263 Ark. 113, 563 S.W.2d 707 (1978).

Affirmed.