Karen R. Baker, Justice, dissenting.
Because the record does not support the majority's decision to affirm the circuit court, I dissent from the majority opinion and would reverse and dismiss this matter.
This appeal stems from a guardianship matter and the statutory requirements necessary for the appointment of a guardian. During a discussion between Judge Hughes and Streit regarding the statutory requirements and Streit's attempt to preserve the record, the circuit court erroneously held Streit in contempt.
Here, a careful review of the record demonstrates that at the commencement of the hearing, Judge Hughes immediately set the tone by pointing out deficiencies in Streit's case. Streit attempted to respond to Judge Hughes's objections, but before Streit could do so, Judge Hughes instructed him that he would not place a guardianship over the individual "without having the necessary records." Streit attempted to seek clarification from the court, but Judge Hughes interjected, stating, "Sir, you don't need to be clear. I told you the answer." Streit attempted to make his record, and after Judge Hughes interrupted him several times, the following dialogue ensued:
JUDGE HUGHES : You can make your record, sir -
MR. STREIT : You and I both know what this is about.
JUDGE HUGHES : We do? I don't know what it's about.
MR. STREIT : This is about an appeal on which you were reversed. That's what this is about.
JUDGE HUGHES : Oh, is that what it's about?
MR. STREIT : Yes.
JUDGE HUGHES : No, sir. Five minute recess.
After this exchange, the circuit court recessed for twelve minutes, reconvened and immediately continued to challenge Streit's position on the guardianship requirements. The record demonstrates that when Judge Hughes returned to court, he began reciting portions of the statutes at issue. Streit again sought clarification from the court on the Judge's previous ruling, *31 igniting another discussion on the merits of Judge Hughes's ruling which Streit sought to make a record. Following a drawn-out dialogue, Judge Hughes then read a portion of the Arkansas statute on contempt. He presented to Streit a summary of his impression of the events that unfolded: "You accused me of having motivation to call these requirements to your attention ... and I said I was doing this for something that was not related to this and was in fact I believe motivated by a prejudice towards you. Am I correct?" Streit responded affirmatively, preserving his record and maintaining his earlier position. Judge Hughes asked Streit again, "Do you wish to take that position?" to which Streit replied, "I do believe that, yes." Judge Hughes then found Streit in contempt. This finding is simply wrong and should be dismissed.
"This court has, time and again, noted that lawyers must make a record when objecting and moving for some form of relief. See , e.g., Chapman v. State , 343 Ark. 643, 38 S.W.3d 305 (2001) (holding that objection on basis of Ark. R. Evid. 803 was argued for the first time on appeal where the record revealed no objection on that particular basis; "Parties are bound on appeal by the scope and nature of the objections and arguments they presented at trial.")." McCullough v. State , 353 Ark. 362, 370-71, 108 S.W.3d 582, 587 (2003) (Brown, J. dissenting); Tri-B Advert. Co. v. Thomas , 278 Ark. 58, 61, 643 S.W.2d 547, 548 (1982) ("The objecting party must make a sufficient record to enable this court to rule on the issues presented. See Bank of Ozark v. Isaacs , 263 Ark. 113, 563 S.W.2d 707 (1978)"). Further, a misunderstanding between counsel and the Court which will not support a finding of contempt. See McCullough v. Lessenberry , 300 Ark. 426, 780 S.W.2d 9 (1989) ; Lessenberry v. Adkisson , 255 Ark. 285, 499 S.W.2d 835 (1973).
Here, the record clearly establishes that Streit attempted to make a record regarding the denial of his petition for appointment of a guardian. However, the majority fails to recognize the complexity of the multiple guardianship statutes at issue. The record demonstrates that there were several different statutes at issue. Streit, even needing clarification himself, asked Judge Hughes several times to explain his rulings so that Streit could respond. Consequently, it was necessary to make a record as to what was occurring-a petition for appointment of a guardian to a ward with dementia-and Streit sought to obtain a ruling in the record as a potential ground for appeal. Further, after Judge Hughes recessed and then returned, Judge Hughes himself decided to revisit the issue, not Streit. After reading aloud the statute on criminal contempt, Judge Hughes asked Streit if he still maintained his earlier position regarding his alleged bias. In doing so, he essentially backed Streit into a corner: Streit could either confirm his position that Judge Hughes's interpretation of the guardianship statute was erroneous based on his bias even while presuming he would subsequently be charged with contempt, or answer in the negative, potentially responding with dishonesty, and failing to preserve the record for his client.
In short, the record shows that Streit's statements were made based on his right as counsel to make a record and not contemptuous. The crux of the issue here seems to be Judge Hughes's reaction to his previous experiences with Streit and perceived criticism rather than Streit's behavior. In Clark v. State , 291 Ark. 405, 408, 725 S.W.2d 550, 553 (1987), we cited with approval the United States Supreme Court discussing the law on contempt:
"The vehemence of the language used is not alone the measure of the power to *32 punish for contempt. The fires which it kindles must constitute an imminent, not merely a likely, threat to the administration of justice. The danger must not be remote or even probable; it must immediately imperil.... [T]he law of contempt is not made for the protection of judges who may be sensitive to the winds of public opinion. Judges are supposed to be men of fortitude, able to thrive in a hardy climate." Craig v. Harney , 331 U.S. 367, 376 [67 S.Ct. 1249, 1255, 91 L.Ed. 1546] (1947). "Trial courts ... must be on guard against confusing offenses to their sensibilities with obstruction to the administration of justice." Brown v. United States , 356 U.S. 148, 153 [78 S.Ct. 622, 625, 2 L.Ed.2d 589] (1958).
Here, the record does not support Streit's actions were contemptuous.
Based on my discussion above, I dissent.
Hart, J., joins.