BOARD OF EDUCATION OF FRANKLIN COUNTY, Arkansas and PLEASANT VIEW SCHOOL DISTRICT NO. 4 *v.* OZARK SCHOOL DISTRICT NO. 14

83-147                                              655 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered June 27, 1983

*Edgar A. Woolsey, Jr.; A. Jack King* and *Neva Belcher King,* for appellant Board of Education of Franklin County.

*James F. Dickson,* for appellant Pleasant View School District No. 4.

*Jonah T. Yates* and *Gregory P. McKenzie,* for appellee.

PER CURIAM. This case involves a boundary dispute between appellee, Ozark School District, and appellant, Pleasant View School District, over 240 acres of land which is currently within the Pleasant View district. The land was transferred into what is now the Pleasant View district by a 1941 Franklin County court order.

In 1979 Ozark requested the Franklin County Board of Education to transfer the property to it, but the Board refused to do so, and Ozark appealed to the Franklin County Circuit Court. The trial court found in favor of Ozark, and the Board of Education appealed to the Arkansas Court of Appeals. The Court of Appeals remanded, holding that Pleasant View was a necessary party to the action. Upon remand, the trial court again ruled in favor of Ozark, holding that the 1941 County Court order was void ab initio for the following reasons: (1) the County Court was without jurisdiction on May 19, 1941, to change school district boundaries; (2) the land description contained in the order was so ambiguous it could not be determined; and (3) the jurisdictional facts recited in the order did not set out that a majority of electors had submitted their written consent and request as required by the law then in effect.

On appeal, Pleasant View and the Franklin County Board of Education argue that the trial court erred in all of its findings, but we do not reach the merits of their arguments since appellants have failed to properly abstract the record as required by Rule 9 (d), Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1979). This rule requires that the abstract consist of a condensation of only such material parts of the record as are necessary to an understanding of the case. Any prior appeal is to be included in the abstract but it too should be condensed.

Appellants' abstract is a flagrant violation of this rule. An examination of the abstract reveals that appellants have done little more than reproduce substantial portions of the record from both the prior appeal and this appeal. No attempt was made to condense either record to include only

material necessary to an understanding of the case. Instead, the abstract contains verbatim reprints of almost every document in both records, including summonses, statutes, pleadings, tax records, and minutes from school board meetings.

A reprint of a transcript is not an abstract. *Harris* v. *Arkansas Real Estate Commission,* 274 Ark. 537, 627 S.W.2d 1 (1982). An abstract that is a mere reprint of the record, or a substantial part of it, may be such a violation of the rule as to preclude the court from reversing the judgment on its merits. *Gray* v. *Ouachita Creek Watershed Dist.,* 239 Ark. 141, 387 S.W.2d 605 (1965). Since this case falls into that category, we must affirm the trial court under Rule 9 (e) (2) as we have done in numerous cases. *Bank of Ozark* v. *Isaacs,* 263 Ark. 113, 563 S.W.2d 707 (1978); *Smith* v. *Bullard,* 271 Ark. 794, 610 S.W.2d 888 (1981).

Affirmed.