## OAKLAWN JOCKEY CLUB, INC. *v.* Paul JAMESON, Judge

82-281                                     655 S.W.2d 417

Supreme Court of Arkansas
Opinion delivered July 11, 1983

*Friday, Eldredge & Clark,* for appellant.

*Steve Clark,* Atty. Gen., by: *Jeffrey A. Bell,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Petitioners filed for a writ of prohibition in this court, seeking to prevent the Washington County Circuit Court from hearing the case of Maupin Cummings, et al. against the Oaklawn Jockey Club, Inc., wherein the plaintiffs sought recovery on account of conversion. We do not reach the merits of the case since there is a failure by appellant to comply with the requirements of Rule 9 (d) of this Court.

The 261 page abstract consists almost entirely of word for word reproductions of the pleadings, orders by the court and minutes of meetings of the Arkansas State Racing Commission. An abstract cannot be said to be a condensation or abridgment of the record as required if it consists of a copy in full or is a mere reproduction of the entire transcript. *Gray* v. *Ouachita Creek Watershed Dist.,* 239 Ark. 141, 387 S.W.2d 605 (1965). Most of the material reproduced

is not necessary to our understanding of the facts and law of the case nor is it material thereto. We must, therefore, dismiss the petition.

SMITH and HICKMAN, JJ., concur.

GEORGE ROSE SMITH, Justice, concurring. This application for a writ of prohibition presents two simple questions: Was the class action filed by the two plaintiffs, residents of Washington County, properly brought in that county? If so, is the court's jurisdiction affected by the absence of indispensable parties who cannot be brought into the case in Washington County? To answer those questions we need to know only the nature of the plaintiffs' cause of action and the identity, status, and residence of the parties that must be brought into the case for a decision. The merits of the dispute are not before us.

I write this concurrence only to emphasize the necessity for our enforcement of Rule 9 in this case. Petitions for prohibition fall within our Rule 16, which provides that abstracts and briefs are required as in other cases. Rule 9, governing abstracts of the record, provides: "The appellant's abstract . . . should consist of an impartial condensation . . . of *only* [emphasis in the Rule itself] such material parts of the pleadings . . . and other matters in the record as are necessary to an understanding of all questions presented to this court for decision." Thus the Rule contemplates that appellate counsel will prepare an abstract fairly condensing the record to matters essential to the court's consideration. A correlative implication, not to be lost sight of, is that the members of the court are expected to read the abstract submitted by counsel.

No discernible effort has been made to condense, by paraphrasing, any part of this bulky record. The abstract consists essentially of a verbatim reprinting of much of the record, most of which has no bearing on the questions argued. Some matters, it is true, have been omitted from the abstract entirely, but there was no reasonable basis for the inclusion of such matters in the record in the first place.

The abstract runs to 261 printed pages, the equivalent of a fair-sized book taking several hours to read. Rather more than 80% of it is not pertinent to the questions now presented. Only a few examples of surplus matter need be mentioned. The plaintiffs filed four successive complaints in the case, each new one superseding its predecessor. The abstractor has copied all four of them verbatim, taking over 20 printed pages, although only the last one is relevant. All the trial court's orders appear to have been copied, including at least six merely setting a date for a hearing. On March 11, 1980, the Oaklawn Jockey Club wrote a long letter to five addresses, explaining its position with respect to the distribution of breakage. That letter is copied in the abstract, taking five printed pages. Five additional copies of the letter appear later in the record; so the abstractor reproduced them as well, at pages 135 to 161. Presumably all members of the court are expected to read this letter six times. Thirteen successive pages are devoted to listing the names of the recipients of breeders' awards in 1980 and 1981. About fifty pages reproduce the minutes of the breeders' association, having no apparent connection with the court's jurisdiction in Washington County.

My own conclusion, after reading most of the abstract and the brief, is that the abstract should have been confined to the final complaint, an abridgment of the verbose answer (which was copied twice), the stipulation of facts, the motion to dismiss, and the order denying that motion. In flagrant cases of this kind, when the abstractor has made no effort to comply with Rule 9 by condensing the record, it has been our longstanding practice to affirm or dismiss without considering the merits. We have no other way to enforce compliance with the Rule. Finally, I may perhaps appropriately express my firm conviction that the courts do a disservice both to the public in general and to the members of the bar when we fail to hold practicing lawyers to a reasonably high standard of professional competence.

HICKMAN, J., joins in this concurrence.