THE BALDWIN COMPANY and Don SANDERSON
*v.* THE CECO CORPORATION

83-135                                          659 S.W.2d 941

Supreme Court of Arkansas
Opinion delivered November 7, 1983

*Wright, Lindsey & Jennings,* for appellants.

*Chester C. Lowe,* for appellee.

DARRELL HICKMAN, Justice. The issue in this case is a procedural one. The trial court granted the appellee, Ceco Corporation's, motion to dismiss a third party complaint filed against it by the Baldwin Company. We affirm the trial court's ruling for two reasons. First, the appellant has been unable to demonstrate that the trial court committed error on the admitted facts and pleadings in this case. Second, even if the Baldwin Company has a cause of action against Ceco, it has not been denied that by the trial court's ruling.

The facts are somewhat complicated, as well as the legal issue. The legal issue is one of indemnification between contractors and it has given us some difficulty in the past. This suit was filed by Steve Faulkner,.an employee of Ceco Corporation, who was a construction worker on the Savers Bank Building in Little Rock, Arkansas. Ceco was a subcontractor of the Baldwin Company, one of the appellants. Faulkner was injured when a piece of lumber fell on him from a load being lifted by a crane. Don Sanderson, the crane operator, is the other appellant. Faulkner was compensated through his employer, Ceco, by Workers' Compensation. Then Faulkner sued the Baldwin Company, the general contractor, and Sanderson, alleging generally that the cause of the accident was the negligence of Sanderson, an employee of the Baldwin Company. The Baldwin Company filed a third party complaint against Ceco Corporation claiming that Don Sanderson was actually an employee that had been loaned to Ceco Corporation and that if Faulkner was injured it was the result of negligence of an employee of Ceco Corporation. It was alleged that Ceco Corporation had an indemnity agreement with Baldwin to reimburse Baldwin for any damages that Baldwin is liable for caused by an employee of the Ceco Corporation. Ceco filed a motion to dismiss alleging no cause of action.

The trial court granted the motion finding that the matter would resolve itself this way: If Sanderson were found to be an employee of Baldwin, then Ceco would not be liable; or, if Sanderson were found to be an employee of Ceco, then Ceco would not be liable because it had paid Workers' Compensation to Faulkner, also one of its employees, and was immune from suit. The trial court further found that while an indemnity agreement existed between Ceco and Baldwin, that it provided only for reimbursement if Ceco alone was at fault and not if Ceco were jointly liable with Baldwin.

Just before the trial court ruled on this motion, Baldwin amended its third party complaint and alleged that Ceco was also liable because it failed to provide a safe place to work. We cannot say the trial court's order must be reversed.

In a series of cases we have dealt with the problem of indemnification in similar situations and have announced certain principles. In the case of *C. & L. Rural Electric Cooperative Corporation* v. *Kincaid,* 221 Ark. 450, 256 S.W.2d 337 (1953), we held that a subcontractor could enter into an indemnity contract which would make it liable to a contractor for claims the contractor had to pay which were caused by the negligence of the subcontractor, or any of the employees of the subcontractor. We held such a cause of action was not one based in tort but in contract. That is, an employer that had paid Workers' Compensation is not entitled to the immunity normally granted to one under the Workers' Compensation Act if it agrees otherwise. Significantly, the *Kincaid* case held that the indemnitor (in this case Ceco) could be sued in a separate lawsuit after the indemnitee (in this case, Baldwin) has been found liable and ordered to pay damages. In *Oaklawn Jockey Club, Inc.* v. *Pickens Bond Construction Company,* 251 Ark. 1100, 477 S.W.2d 477 (1972), we found that in some cases there can be an implied indemnity agreement between a subcontractor and a contractor. We held it was improper to dismiss a cross-complaint to join, in a single lawsuit, the indemnitor (which in this case is Ceco). But, we did not overrule *Kincaid.* The *Oaklawn* case was criticized because of the confusion that would result to a jury having to decide the

complex indemnity issues at the same time as determining the question of negligence. See H. WOODS, COMPARATIVE FAULT 13:13 (1978).

In the case of *Larson Machine, Inc., et al* v. *Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980), we found that it was proper for a third party complaint (or cross-complaint) for indemnity to be served on a party in the direct suit for negligence. But we did not preclude a subsequent action. So we have two permissible avenues available to resolve such disputes.

Therefore, simply because the trial court denied the right of Baldwin in this case to join Ceco, the court did not commit reversible error, because Baldwin can eventually pursue that remedy if it is found to be liable and if the indemnity agreement provides that Ceco must reimburse Baldwin for the damages paid. Actually there is only one possible way Ceco can be held liable and that is if Ceco is found at fault for failing to provide a safe place to work — admittedly a tenuous possibilty. Since the appellant has been unable to demonstrate prejudicial error, the judgment of the trial court is affirmed.

The abstract of the record filed in this case by the appellant is not completely in compliance with Rule 9 of this court, since a verbatim transcription of numerous unnecessary pleadings was included. While we do not find a flagrant violation of Rule 9, we feel it necessary to point out that we do not overlook the discrepancy. *See Oaklawn Jockey Club, Inc.* v. *Jameson,* 280 Ark. 150, 655 S.W.2d 417 (1983).

Affirmed.

ADKISSON, C.J., and PURTLE, J., concur.

JOHN I. PURTLE, Justice, concurring. The original complaint in this case sounded entirely in tort. The original answer and third party complaint sounded more in tort than in contract. Most of the allegations by the contractor against the subcontractor were allegations of negligence in the failure to furnish a safe place to work or that the subcon-

tractor was negligent in such a manner as to proximately cause the injuries to its employee, Steve Faulkner, the original plaintiff. Faulkner did not assert a claim against his employer, Ceco (the subcontractor), and the appellants never sought compensation for their liability in tort to the injured Ceco employee. Ceco has no tort liability to the employee or to appellants. Tort liability arising out of workers' compensation injuries between the employer and third parties has been extinguished. *W.M. Bashlin Co.* v. *Smith*, 277 Ark. 406, 643 S.W.2d 526 (1982).

The appellants are arguing they are entitled to recover on a written indemnity agreement. This action is based upon contract, not tort. I believe the best procedure is to allow the tort action to be tried without including the contractual matter. I do not fully comprehend the majority opinion affirming this case and stating it is best to have both contract and tort tied together. It appears to me the logic of the majority opinion points to separate trials in spite of the statement about trying both at the same time.

ADKISSON, C.J., joins in this concurrence.