Ona Lea BONHAM (Bishop) *v.* ST. PAUL FIRE AND
MARINE INSURANCE COMPANY and COMMUNITY
CARE OF EUREKA SPRINGS, INC.

85-216                                    702 S.W.2d 16

Supreme Court of Arkansas
Opinion delivered January 21, 1986

*Hamilton, Mackey & Hicks,* by: *Charles R. Hicks,* for
appellant.

*Epley, Epley & Castleberry, Ltd.,* by: *Lewis E. Epley,* for
appellee.

DARRELL HICKMAN, Justice. The question is whether a
hospital currently operated for profit is liable for tort claims
arising against its non-profit predecessor. The trial court found no
liability and we agree.

The appellant, Ona Lea Bonham, claims she was injured
while a patient at the Eureka Springs Municipal Hospital in July,
1982. She sued the hospital's insurance carrier, St. Paul Fire and
Marine Insurance Company, in July, 1984. St. Paul moved for
summary judgment because the policy was cancelled in Febru-
ary, 1984. The trial judge granted the motion.

Bonham amended the complaint to include the Eureka
Springs Municipal Hospital as a co-defendant. When Bonham
learned that the hospital had been purchased by a for-profit
corporation, Community Care of Eureka Springs, Inc., another
amendment was made naming that corporation as a co-defendant

in place of the municipal hospital. The corporation moved to dismiss the complaint. Based on undisputed facts, the trial judge ruled in the corporation's favor reasoning that since the former hospital was immune from liability at law because it was a charitable institution, so was its successor.

■ On appeal Bonham contends that since the corporation purchased the assets of the hospital, it assumed its liabilities. There is nothing in the record to show that the corporation assumed any of the tort liability of the hospital. Furthermore, the municipal hospital was immune from this type of claim, so, there was no liability for the corporation to assume. As the trial court observed: "Liability cannot be created out of thin air. Since there was no liability on the part of the predecessor, there can be none in the successor."

While St. Paul is listed as an appellee, there is no argument on appeal that this part of the judgment should be reviewed.

■ It is the responsibility of the appellant to demonstrate error, and none is demonstrated. *Baldwin Company* v. *CECO Corporation*, 280 Ark. 519, 659 S.W.2d 941 (1983).

Affirmed.

PURTLE, J., not participating.