Bessie W. COFFELT *v.* ARKANSAS STATE HIGHWAY COMMISSION

86-34 .712 S.W.2d 283

Supreme Court of Arkansas
Opinion delivered June 30, 1986
[Rehearing denied September 15, 1986.*]

*Kenneth C. Coffelt*, and *Michael K. Wilson*, for appellant.

---

\* George Rose Smith and Hickman, JJ., not participating.

*Thomas B. Keys, Philip N. Gowen* and *Charles Johnson,* for appellee.

ROBERT H. DUDLEY, Justice. This is the second appeal of this condemnation case. *See Coffelt* v. *Arkansas State Highway Commission,* 285 Ark. 314, 686 S.W.2d 786 (1985). We affirm the trial court because the appellant has flagrantly violated Rules 9(c) and (d) of the Rules of the Supreme Court and the Court of Appeals.

In the section of her brief entitled "Abstract of Record" the appellant has not used the first person and has reprinted a major part of the trial transcript. A reprint of a major part of the transcript is not an abstract. We have consistently held that this type of flagrant violation of Rule 9(d) calls for summary affirmation. *Gray* v. *Ouachita Creek Watershed District,* 239 Ark. 141, 387 S.W.2d 605 (1965); *Smith* v. *Pond,* 259 Ark. 564, 534 S.W.2d 769 (1976); *Harris* v. *Arkansas Real Estate Commission,* 274 Ark. 537, 627 S.W.2d 1 (1982); *Board of Education of Franklin County* v. *Ozark School District No. 14,* 280 Ark. 15, 655 S.W.2d 368 (1983).

In addition, appellant sets out only one point of appeal which is as follows: "The trial court erred in denying appellant's motion to set aside the verdict and judgment and to grant new trial and in rejecting each of her reasons and allegations set forth therein." Then, in the argument section of her brief, appellant addresses thirty-one points of alleged error by the trial court. This is a clear violation of Rule 9(c) which requires an appellant to concisely list and separately number the points relied on for reversal.

We affirm the trial court pursuant to Rule 9(e)(2).

GEORGE ROSE SMITH and HICKMAN, JJ., not participating.

PURTLE, J., dissents.

HAYS, J., concurs.

STEELE HAYS, Justice, concurring. I agree with the majority that the testimony has been abstracted in question and answer form and in that respect it violates Rule 9 of our rules. *Harris* v. *Arkansas Real Estate Commission,* 274 Ark. 537, 627 S.W.2d 1 (1982). Admittedly, we have affirmed other cases on the basis of

Rule 9 where the appellant failed to provide an abridgement and simply reproduced the record in near verbatim form. *Oaklawn Jockey Club* v. *Jameson*, 280 Ark. 150, 655 S.W.2d 417 (1983); *Gray* v. *Ouachita Creek Watershed District*, 239 Ark. 142, 387 S.W.2d 605 (1965). But in those cases the breach was far greater. In the *Harris* case the abstract covers two volumes, with 154 pages devoted to testimony which obviously is reproduced word for word in question and answer form. In *Oaklawn* v. *Jameson* the abstract was 261 pages, 80% of which was not relevant to the two questions presented by the appeal. In *Board of Education of Franklin Co.* v. *Ozark School District*, 280 Ark. 15, 655 S.W.2d 368 (1983), the appellants reproduced virtually the entire records of two appeals. The abstract contained "verbatim reprints of almost every document in both records, including summonses, statutes, pleadings, tax records and minutes from school board meetings."

On the other hand, we have often looked beyond technical violations of Rule 9 and decided the issues on their merit. See *Myers* v. *Muuss*, 281 Ark. 188 (p. 190), 622 S.W.2d 805 (1984); *Ford* v. *State*, 276 Ark. 98 (p. 112), 633 S.W.2d 3 (1982); *Lincoln* v. *State*, 262 Ark. 511, 558 S.W.2d 146 (1977), and *Randle* v. *State*, 257 Ark. 232, 516 S.W.2d 6 (1974).

Abstracting under Rule 9 is not black and white. There is a sizeable area of subjective judgment involved in deciding on just the right amount. And there are, I submit, no clear boundaries between violations that are flagrant and those that are marginal. For that reason alone when the issue is one of too much rather than too little we should, I believe, err on the side of tolerance rather than intolerance. It is one thing for the abstract to omit crucial segments of the record so that an understanding of the points argued on appeal is impossible. (For example see *Lawson* v. *Lewis*, 276 Ark. 7, 631 S.W.2d 611 (1982); *Wade* v. *Franklin-Stricklin Land Surveyors, Inc.*, 264 Ark. 841, 575 S.W.2d 672 (1979); *Bank of Ozark* v. *Isaacs*, 263 Ark. 113, 563 S.W.2d 707 (1978); *Merritt* v. *Merritt*, 263 Ark. 432, 565 S.W.2d 603 (1978).) But it is a different matter when the abstract contains more than is necessary (though not so much as to be wholly unmanageable) because the simple expediency of skipping over non-essential portions is available to the reader.

Here, the only infraction I can detect in the abstracting (I disagree the abstract is in the third person) is that the testimony is reproduced in question and answer form. But there is relatively little of it. There were only two witnesses—one to a side—and the entire abstract of the testimony covers only 45 pages, about ten of which are attributable to objections and dialogue between the trial judge and the lawyers. That does not strike me as being so *flagrant* as to require affirmance under Rule 9.

I would consider the appeal on the merits and on that basis I would affirm the judgment.

JOHN I. PURTLE, Justice, dissenting. Article 2, Section 22 of the Constitution states:

> The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor.

Therefore, neither Rule 9 (d) nor the Highway Department are before and higher than our Constitution.

I would reverse and remand.