## ROSE CITY PROPERTY OWNERS' ASSOCIATION
*v.* Mary THORNE, Mary Dover, Jack Keeling, C.L.
Shaw, and William T. Snider, on Behalf of Themselves and
all of the Citizens and Residents of the City North
Little Rock, Arkansas

88-300                                       770 S.W.2d 655

Supreme Court of Arkansas
Opinion delivered May 30, 1989
[Rehearing denied June 26, 1989.*]

*Gill Law Firm*, by: *Joe D. Calhoun*, for appellants.

*Mitchell & Roachell*, by: *Richard R. Roachell* and *David E. Simmons*, for appellees.

ROBERT H. DUDLEY, Justice. On July 28, 1987, the appellees, in their capacity as North Little Rock taxpayers, filed a complaint in which they alleged an illegal exaction by the City of North Little Rock. The case was set for trial at 9:00 a.m., on March 2, 1988. The appellants sought to intervene at the last moment, 4:27 p.m., on March 1, 1988. The trial court ruled that the motion to intervene was not timely filed. Appellants appeal the ruling. We affirm, without reaching the merits of the case, because the appellants did not comply with Rule 9(d) of the Rules of the Supreme Court and Court of Appeals.

The abstract consists essentially of a verbatim reprinting of much of the record. Some matters, it is true, have been omitted, but no discernible effort has been made to condense, by paraphrasing in the first person, much of the record contained in the abstract. Out of seventy-one (71) pages in appellants'

---

*Hays, J., would grant rehearing.

abstract of the record, at least sixty (60) pages are almost a verbatim reproduction of pleadings, exhibits, and dialogue among the trial judge and the attorneys. Under such circumstances we affirm under Rule 9(e)(2). *Board of Education of Franklin County* v. *Ozark School District*, 280 Ark. 15, 655 S.W.2d 368 (1983), and *Oaklawn Jockey Club, Inc.* v. *Jameson*, 280 Ark. 150, 655 S.W.2d 417 (1983).

Affirmed.

HAYS and GLAZE, JJ., concurring, would affirm on the merits of the case.