Calvin MULDROW d/b/a Muldrow Bonding Co. *v.*
Lee DOUGLASS, Insurance Commissioner,
Arkansas Insurance Department

93-719                                                    870 S.W.2d 736

Supreme Court of Arkansas .
Opinion delivered February 21, 1994
[Rehearing denied March 28, 1994.*]

*Walker, Roaf, Campbell, Ivory & Dunklin*, by: *Sheila F. Campbell*, for appellant.

*Jeannette Denham*, for appellee.

Donald L. Corbin, Justice. Appellant, Calvin Muldrow, appeals a Pulaski Circuit Court decision upholding the Arkansas Insurance Commissioner's finding that appellant had lost his status regarding the security deposit for bail bondsmen. Since appellant was no longer qualified for the lesser statutory minimum

---

*Hays and Brown, JJ., would grant rehearing.

deposit, the required security deposit increased from $25,000 to $100,000. We have jurisdiction to hear this case since it necessitates our interpretation of a statute, Ark. Code Ann. § 17-17-205 (1987). However, we do not reach the merits of this case because appellant's abstract is flagrantly deficient.

The abstract presented is virtually a verbatim copy of the transcript. In it is almost every typewritten word of the transcript, including certificates of service on pleadings. In fact, there are more pages in the abstract submitted (85) than are in the actual transcript (79). The cover page and index to the transcript are included verbatim in the abstract.

The abstract should contain an impartial condensation of only the material parts of the pleadings, proceedings, facts, documents, and other materials in the transcript as are necessary to an understanding of all questions presented to the court for decision. Ark. Sup. Ct. R. 4-2(a)(6). This court has stated that an abstract that is a mere reprint of the transcript, or substantial parts of it, may preclude this court from reaching the merits of an appeal. *Board of Educ. of Franklin Co.* v. *Ozark School Dist. No. 14*, 280 Ark. 15, 655 S.W.2d 368 (1983). This case falls into that category, and we therefore affirm.

HAYS and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. I respectfully dissent.

In my three years on the court, we have not affirmed a case for failure to condense under Ark. Sup. Ct. R. 4-2(a)(6), formerly Rule 9, until today. The reason is obvious. We look at abstracts of the record that provide too much differently from those that provide too little. In other words, to warrant the harsh result of an affirmance under Rule 4-2(a)(6) for providing excessive material in the abstract, the violation must be of the most serious order. One factor that we consider in assessing whether to affirm because an abstract is not sufficiently condensed is whether this lapse has caused the court a prodigious waste of time. *See Forrest City Mach. Works* v. *Mosbacher*, 312 Ark. 578, 851 S.W.2d 443 (1993); *Oaklawn Jockey Club* v. *Jameson*, 280 Ark. 150, 655 S.W.2d 417 (1983) (J. Smith, concurring opinion).

Enforcing Rule 4-2(a)(6) is a relatively simple matter when a material part of the record is not abstracted such as the judg-

ment, the will at issue, a pertinent jury instruction, or testimony. *See Dixon* v. *State*, 314 Ark. 378, 863 S.W.2d 282 (1993) (hearing, findings of fact, and orders not abstracted); *Davis* v. *Peebles*, 313 Ark. 654, 857 S.W.2d 825 (1993) (pleadings, motion for summary judgment, affidavits, and order not abstracted); *Haynes* v. *State*, 313 Ark. 407, 855 S.W.2d 313 (1993) (hearing on issue raised on appeal not abstracted); *Watson* v. *State*, 313 Ark. 304, 854 S.W.2d 332 (1993) (abstract was a scattering of transcript references in the argument); *Edwards* v. *Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993) (abstract did not include pleadings, documents, or orders); *Stephens Prod. Co.* v. *Johnson*, 311 Ark. 206, 842 S.W.2d 851 (1993) (abstract did not contain the pleadings); *Gilmer* v. *State*, 308 Ark. 506, 824 S.W.2d 343 (1992) (complete failure to abstract the record); *Hunter* v. *Williams*, 308 Ark. 276, 823 S.W.2d 894 (1992) (abstract failed to include order); *D.J., A Juvenile* v. *State*, 308 Ark. 37, 821 S.W.2d 782 (1992) (abstract was a narrative statement reciting the barest facts); *Samples* v. *Samples*, 306 Ark. 184, 810 S.W.2d 951 (1991) (abstract failed to include the answer, jury instructions, motion for directed verdict, judgment, or the notice of appeal); *Fruit* v. *Lockhart*, 304 Ark. 457, 802 S.W.2d 930 (1991) (abstract consisted only of a "statement" that had been submitted as an exhibit at the evidentiary hearing); *Pennington* v. *City of Sherwood*, 304 Ark. 362, 802 S.W.2d 456 (1991) (abstract failed to contain the legal description contained in the ordinance or a copy of the plat at issue). Under such circumstances, an objective test on the materiality of the omission can readily be applied.

With regard to abstracts where we are given too much and there has been a failure to condense the material adequately, the issue becomes more subjective on the part of this court. I cannot conclude in this case that the abstract is flagrantly deficient under the Rule or that it has occasioned a prodigious waste of time for the court. True, the abstract is 85 pages, and the record is only 79 pages. But the abstract is not a mere photographic reproduction of the record as was the case in *Board of Educ. of Franklin Co.* v. *Ozark Sch. Dist. No. 14*, 280 Ark. 15, 655 S.W.2d 368 (1983). In that case, we said that the appellant had done little more than reproduce photographically substantial parts of the record, and no attempt was made to condense. Here, the pleadings, exhibits, and arguments abstracted have all been retyped by

Muldrow. More importantly, there has been an effort by Muldrow, albeit a minimal one, to condense the record, even though the number of pages in the abstract is longer. Portions of the pleadings, exhibits, and colloquy between counsel and the circuit court have been eliminated. And the testimony of Calvin Muldrow is abstracted correctly and put in first person narrative form in accordance with the Rule. Where there has been some effort to condense and the abstract does not cause the court an ordinate amount of time to read, affirmance is too draconian a penalty to levy.

In *Forrest City Mach. Works* v. *Mosbacher, supra*, we fired a shot across the bow and stated that we would no longer tolerate abstracts that were single-spaced, void of record references, or not adequately condensed. The clerk of this court is endowed with the authority under Ark. Sup. Ct. R. 4-1 and 4-2 not to accept briefs with abstracts that are single-spaced or without record references. But failure to condense falls to this court to assess and, again, requires a more subjective analysis.

This abstract did not cause this court a prodigious waste of time. It is not *flagrantly* deficient which is the ultimate test under Rule 4-2(a)(6). I would reach the merits.

HAYS, J., joins.