CITY OF LITTLE ROCK *v.* PULASKI COUNTY
CIRCUIT COURT

97-480                                                957 S.W.2d 684

Supreme Court of Arkansas
Opinion delivered December 11, 1997

*Thomas M. Carpenter*, Little Rock City Att'y, and *Marshall L. Nash*, Asst. City Att'y, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Kelly K. Hill*, Deputy Att'y Gen., for respondent.

RAY THORNTON, Justice. This petition for a writ of prohibition was brought by the City of Little Rock to prohibit the Pulaski County Circuit Court from considering an appeal from the Little Rock Municipal Court and from enforcing an order with respect to that appeal, because the notice of appeal was untimely. From the abstract and record provided to us by the City, we are unable to tell when the appeal was perfected. We deny the petition because the abstract is flagrantly deficient and the record is incomplete.

The judgment of the municipal court, the docket entries relating thereto, and the notice of appeal from that order are not reflected in the abstract presented to us for review. We will not belabor the insufficiency of the materials, but note that while some proceedings in the municipal court are described in the abstract, those proceedings are not reflected in the record before this court. In short, we have no clear record of exactly what took place and when.

The standard for a writ of prohibition is well settled. Such a writ is appropriate only when the lower court is wholly without jurisdiction. *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). In deciding whether the writ will lie, we confine our review to the pleadings. *Id.* Here, the record does not contain the necessary pleadings to determine whether the circuit court had jurisdiction.

A petitioner bears the burden of producing a fair and accurate record and abstract that establish an entitlement to a writ. *See* Ark. Sup. Ct. R. 4-2 & 6-1; *Davis v. State*, 319 Ark. 171, 889 S.W.2d 769 (1994); *State v. Pulaski County Circuit-Chancery Court*, 316 Ark. 473, 872 S.W.2d 854 (1994); *Oaklawn Jockey Club v. Jameson*, 280 Ark. 150, 655 S.W.2d 417 (1983). An ambiguous

record, such as the one presented in the instant case, cannot satisfy the petitioner's burden. *Davis v. State, supra.*

██ The record and abstract provided by the petitioner do not comply with Ark. Sup. Ct. R. 4-2. We deem them flagrantly deficient, and deny the petition.