Gregory DAVIDSON *v.* STATE of Arkansas

CR 01-779                               53 S.W.3d 46

Supreme Court of Arkansas
Opinion delivered September 6, 2001

*Joel O. Huggins*, for appellant.

*Mark Pryor*, Att'y Gen., by: *O. Milton Fine, II*, Ass't Att'y Gen., for appellee.

PER CURIAM. Gregory Davidson was convicted of first-degree murder on April 18, 2001. His counsel filed a notice of appeal that same day, although the judgment and commitment order was not filed until April 25, 2001. Counsel also filed a second notice of appeal on April 27, 2001; however, under Ark. R. App. P.—Crim. 2(b)(1), the first notice of appeal, filed April 18, 2001, is treated as having been filed on the day after the judgment was entered, or on April 26. The record was thus due to be lodged with the clerk's office by July 25, ninety days after the filing of the notice of appeal. *See* Ark. R. App. P.—Civ. 5(a).

At the time of his sentencing, Mr. Davidson's attorney had provided him with an affidavit of indigency to fill out, but Mr. Davidson did not return that affidavit to his attorney until the last of June. Mr. Davidson eventually filed his motion to be declared indigent, accompanied by the affidavit, in circuit court on June 20, 2001. On July 5, 2001, Mr. Davidson also filed a motion in the circuit court to extend the time in which to lodge his record with this court. On July 9, 2001, the circuit court entered an order declaring Mr. Davidson to be indigent. However, on that same day, the court also entered an order denying the motion for extension of time to file the record, finding that the requirements of Ark. R. App. P.—Civ. 5(b) had not been met.

Mr. Davidson filed a partial transcript with this court on July 13, 2001, the same day he filed the present motion for emergency relief. In that motion, he asks us to direct the trial court to grant an extension of time to lodge the record,[1] or, in the alternative, for this court to extend the time for the filing of his record; the motion also seeks additional time to request from this court a declaration of indigency.

As the trial court entered its order declaring Mr. Davidson indigent before the partial record was lodged with our clerk's office,

---

[1] On July 24, 2001, the trial court entered an order on the court reporter's motion, granting a ninety-day extension of time in which to prepare the appeal transcript. However, as Mr. Davidson had already filed his partial transcript with this court, the trial court lost jurisdiction to enter further orders in the case. *See, e.g., Forrest City Machine Works v. Mosbacher*, 312 Ark. 578, 851 S.W.2d 443 (1993). In response to that order, on August 14, 2001, Mr. Davidson filed with this court a motion for clarification, which we also consider here.

it is not necessary for us to rule on that part of his motion. However, because Mr. Davidson filed his motion for relief with this court within ninety days from the filing of his notice of appeal, we consider the motion timely, *see* Ark. R. App. P.—Crim. 4(c) and Ark. R. App. P.—Civ. 5(c), and we hereby grant him an extension of 45 days from the date of this *per curiam* in which to lodge his record with the clerk's office.