
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-12-463

| | |
|---|---|
| SHANE DONOVAN WADE<br><br>APPELLANT<br><br><br>V.<br><br><br><br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 11, 2013<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT [NO. CR-2011-27-1]<br><br>HONORABLE JOHN DAN KEMP, JUDGE<br><br>REBRIEFING ORDERED |

## JOHN MAUZY PITTMAN, Judge

Appellant was convicted of two counts of aggravated robbery. He argues on appeal that the trial court erred in denying his pretrial motion to suppress certain evidence (a ball cap and shoes), and erred in permitting those items to be introduced into evidence at trial. We cannot address this issue because appellant's abstract is flagrantly deficient.

Rule 4-2(a)(5) of the Rules of the Arkansas Supreme Court and Court of Appeals requires that an appellant abstract the material parts of all of the transcripts in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. *Id*. Excessive abstracting is as violative of Rule 4-2 as are omissions of material matters. *Patton v. State*, 2013 Ark. App. 131; *Hruska v. Baxter Regional Medical Center*, 2011 Ark. App. 422.

Here, although appellant's arguments on appeal are all directed toward the trial court's refusal to suppress certain physical evidence, appellant has failed to abstract the pretrial suppression hearing on which the decision was based. In fact, the suppression hearing was initially omitted from the record filed by appellant and was brought up only after we granted the State's motion to complete the record on February 27, 2013. Moreover, the State asserts that the issue argued by appellant on appeal was not raised at the suppression hearing, and we must likewise have an abstract of that hearing to determine whether appellant's arguments are preserved for appeal.

Appellant's abstract is egregiously noncompliant in other respects as well. Although the only question is suppression of the clothing seized while appellant was incarcerated, appellant has included in his abstract scores of pages consisting of verbatim transcriptions of bench conferences and testimony regarding wholly irrelevant issues such as juror selection, jury instructions, and routine housekeeping matters that arose at trial. In addition, appellant's abstract includes the opening statements and closing arguments in their entirety.

Because appellant's abstract is deficient such that we cannot reach the issues on appeal, we order that he file within fifteen days a substituted abstract, brief, and addendum that includes an abstract of the suppression hearing. Ark. Sup. Ct. R. 4-2(b)(3). Additionally, before again abstracting such matters as jury selection and openings and closings, counsel should be prepared to demonstrate that their inclusion is necessary for us to understand or decide the arguments presented on appeal. *See Patton*, *supra*. We encourage appellant to review our rules and to ensure that no other deficiencies are present. After service of

appellant's substituted brief, the State shall have an opportunity to revise its brief within fifteen days. We point out that, should appellant fail to file a complying brief within the prescribed time, the order from which he appealed may be affirmed for noncompliance with the rule. Ark. Sup. Ct. R. 4-2(b)(3).

Rebriefing ordered.

WYNNE and GRUBER, JJ., agree.

*Walker Law Firm, PLLC*, by: *Kent Walker*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.