

Cite as 2013 Ark. App. 563

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-12-1115

| | |
|---|---|
| | **Opinion Delivered** October 9, 2013 |
| WALTER ALLEN BROOKS | |
| APPELLANT | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. CR–2010-302] |
| V. | |
| | HONORABLE RICHARD L. PROCTOR, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | REBRIEFING ORDERED |

## JOHN MAUZY PITTMAN, Judge

Appellant was charged with one count of capital murder and one count of attempted capital murder. After a jury trial, he was found guilty of the lesser-included offenses of first-degree murder and attempted first-degree murder. Appellant was sentenced to consecutive terms of eighty and fifty years' imprisonment. On appeal, he argues that the trial court erred in denying his motions for directed verdict; in refusing to give a requested accomplice instruction; in allowing the State to present evidence of other bad acts; in refusing to grant appellant's motion for mistrial based on an asserted discovery violation; and in refusing to give the requested instructions on second-degree murder. We order rebriefing because appellant's abstract is flagrantly deficient.

Pursuant to Ark. Sup. Ct. R. 4–2(a)(5), the appellant's abstract should consist of an impartial condensation of the *material* information recorded in the transcript as is necessary for an understanding of all the questions presented to the appellate court for decision.

SLIP OPINION

Information that is not specifically required by rule and that is not necessary for determination of jurisdiction or an understanding of the issues is to be omitted. Because the purpose of abstracting is to condense the record, excessive abstracting is as violative of this rule as omissions of material pleadings, exhibits, and testimony. *Forrest City Machine Works, Inc. v. Mosbacher*, 312 Ark. 578, 851 S.W.2d 443 (1993); *Rose City Property Owners' Association v. Thorne*, 299 Ark. 29, 770 S.W.2d 655 (1989); *Coffelt v. Arkansas State Highway Commission*, 289 Ark. 348, 712 S.W.2d 283 (1986); *Oaklawn Jockey Club, Inc. v. Jameson*, 280 Ark. 150, 655 S.W.2d 417 (1983); *Harris v. Arkansas Real Estate Commission*, 274 Ark. 537, 627 S.W.2d 1 (1982); *Wade v. State*, 2013 Ark. App. 476.

By way of example only, appellant has violated the rule here by reproducing in his abstract, often in question-and-answer form, some 334 pages of the transcript of the juror-selection proceedings, even though there is no issue presented to us regarding the selection or composition of the jury. With respect to both the abstract and the addendum, appellant has included numerous pretrial motions and discussion of the same that do not bear on the issues presented on appeal. By conservative estimate, it would appear that approximately one-half of the material in appellant's three-volume abstract and addendum is completely irrelevant to the issues on appeal.

Due to the deficiencies in appellant's abstract and addendum, we order appellant to file within fifteen days of this opinion a substituted abstract, brief, and addendum that complies with our rules. *See* Ark. Sup. Ct. R. 4-2(b)(3). We remind counsel that the



examples we have noted are not to be taken as an exhaustive list of deficiencies. Counsel should carefully review the rules to ensure that no other deficiencies exist.

Rebriefing ordered.

WALMSLEY and VAUGHT, JJ., agree.

*Janet Vaughn*, Arkansas Public Defender Commission, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.